# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1806

_____

Guillermo Coto-Rivas

*Petitioner*

v.

Loretta Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 20, 2016
Filed: January 25, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Guillermo Coto-Rivas, a citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the decision of an immigration judge finding that his asylum application was untimely and meritless, and also denying him withholding of removal.

Coto-Rivas challenges the finding that his asylum application was untimely, arguing that, because his removal was deferred and he received a temporary work permit while he assisted authorities in investigating illegal hiring practices, he showed changed or extraordinary circumstances that warranted a tolling of the one-year time limit for filing asylum applications. See 8 U.S.C. § 1158(a)(2)(B), (D). This "question of law" falls within the exception to the normal bar to appellate review of timeliness determinations, see Goromou v. Holder, 721 F.3d 569, 576 (8th Cir. 2013), but we conclude that the informal administrative concession represented by these facts does not amount to changed or extraordinary circumstances that would toll the filing period, within the meaning of the statute. Accordingly, we do not reach the alternative finding below that, even if timely, the asylum application failed on its merits.

Finally, after careful consideration, we conclude that substantial evidence supported the denial of withholding of removal, see Davila-Mejia v. Mukasey, 531 F.3d 614, 627 629 (8th Cir. 2008) (standard of review; standard for showing eligibility for withholding of removal), because Coto-Rivas did not show a clear probability of persecution, i.e., that the El Salvadoran government is unwilling or unable to protect him from the gang members whom he fears in El Salvador, see Khilan v. Holder, 557 F.3d 583, 585 (8th Cir. 2009) (per curiam) (persecution requires that harm be inflicted either by government or by those government was unable or unwilling to control).

The petition for review is denied. See 8th Cir. R. 47B.

_____